UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
CHRISTINE MICHETTI,

        Plaintiff,

-vs-

FAMILY HEALTH CENTER OF
NEWBURGH, INC.,

        Defendant.
------------------------------------------------------X

FILED
MAR 23 2005
USDC WP SDNY

**COMPLAINT**    Judge McMahon

**JURY TRIAL DEMANDED**

**05 CIV. 3148**

By and through her attorneys, THORNTON, BERGSTEIN & ULLRICH, LLP, plaintiff complains as follows:

### INTRODUCTION

1. Plaintiff Christine Michetti brings this civil rights action to redress her unlawful discharge on account of her disability.

### PARTIES

2. Plaintiff is a woman residing in Newburgh, New York, within this judicial district.

3. Defendant Family Health Center of Newburgh, Inc., is a not-for-profit corporation organized pursuant to the laws of the State of New York. Defendant is an employer within the meaning of the Americans with Disabilities Act, 42 U.S.C. §12111 et seq. Defendant receives federal funding and maintains its principal place of business at 3 Washington Center, Newburgh, New York. At all times relevant to this lawsuit, defendant employed 15 or more employees for 20 or more consecutive weeks.

**JURISDICTION AND VENUE**

4. As plaintiff brings suit under the Americans with Disabilities Act and the Rehabilitation Act of 1973, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction over pendent state claims pursuant to 28 U.S. C. § 1367.

5. The unlawful employment practices alleged herein were committed in in the Southern District of New York.

6. In or about March 22, 2004, plaintiff timely filed a Charge of Discrimination with the New York Regional Office of the U.S. Equal Employment Opportunity Commission ("EEOC") against defendant.

7. On or about December 27, 2004, plaintiff received a Notice of Right to Sue from the EEOC. This action is brought within 90 days of plaintiff's receipt of the Right to Sue letter.

**FACTUAL AVERMENTS**

8. On February 10, 2004, plaintiff commenced working for defendant as a switchboard operator. Her supervisor was Marceline Dendy.

9. The first week of plaintiff's employment proceeded without any negative feedback from co-workers or supervisors other than a request that plaintiff reduce the volume of her overhead pages.

10. During plaintiff's first week on the job, contemplating that plaintiff would remain employed for the foreseeable future, Dendy told her about the following week's assignments.

11. On February 16, 2004, plaintiff told Dendy that she suffered from a seizure disorder. Plaintiff explained that she could suffer a "breakthrough" seizure at work but that she had apprised defendant of the name of her medical provider in the event of an emergency.

12. Epilepsy is a protected disability under the Americans with Disability Act and the Rehabilitation Act of 1973 as well as the New York Human Rights law.

13. After plaintiff told Dendy about her disability, Dendy stopped giving her assignments and ceased communicating with her.

14. Defendant terminated plaintiff on February 20, 2004, only four days after plaintiff disclosed her disability and 10 days after she commenced employment.

15. Defendant intentionally terminated plaintiff because of her disability and knew or should have known that this action risked violating Federal law. In terminating plaintiff, Dendy said that she was not meeting defendant's needs. This excuse was false and pretextual and intended to mask defendant's real reason for plaintiff's termination.

16. At no point did plaintiff poorly perform her job responsibilities. Plaintiff was qualified to fully perform her duties at all times.

17. As a result of plaintiff's unlawful termination, she has suffered lost wages and benefits and experienced physical and emotional pain and suffering.

## CAUSES OF ACTION

18. Plaintiff incorporates the allegations in ¶¶ 1-17 as if re-stated herein.

19. In terminating plaintiff because of her disability, defendants violated the

Americans with Disabilities Act, 42 U.S.C. § 12111 et seq.; the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. and the New York Human Rights Law, Executive Law § 296-97.

WHEREFORE, plaintiff requests that this Honorable Court:

a. accept jurisdiction over this action;

b. empanel a jury to resolve this case;

c. award to plaintiff back pay and future lost income, or front pay;

d. award to plaintiff damages for pain and suffering;

e. award to plaintiff punitive damages for the willful violation of her Federal rights;

f. award to plaintiff attorneys' fees and costs reasonably expended in prosecuting this action; and

g. such other relief deemed just and proper.

Dated:   March 23, 2005

Respectfully submitted,

*[signature]*

HELEN G. ULLRICH
STEPHEN BERGSTEIN

THORNTON, BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Counsel for plaintiff