F:\wp51\JSS\813.37_FHC adv Michetti\Post-trial mtn\notice of MTN.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

CHRISTINE MICHETTI,

        Plaintiff,

V.

FAMILY HEALTH CENTER OF NEWBURGH,
INC., n/k/a THE GREATER HUDSON VALLEY
FAMILY HEALTH CENTER, INC.,

        Defendant.
_____X

NOTICE OF MOTION RENEWING
MOTION FOR JUDGMENT
AFTER TRIAL PURSUANT TO
RULE 50(b)

05 Civ 3148
(CM)(LMS)

    PLEASE TAKE NOTICE THAT, upon the annexed affidavit of Jeffrey S.E. Sculley sworn to February 6, 2006; the exhibits thereto; the Memorandum of Law; and all the pleadings and proceedings herein, the defendant Family Health Center of Newburgh, Inc., n/k/a the Greater Hudson Valley Family Health Center, Inc. ("FHC") shall move this Court, at the courthouse located at 300 Quarropas Street, White Plains, New York, at such date and time as the Court shall direct, for an order pursuant to Federal Rule of Civil Procedure 50(b) dismissing the punitive damages claim of plaintiff Christine Michetti or setting aside the award for such damages as a matter of law, on the

ground that no evidence was presented to the jury that FHC's termination of Mrs. Michetti's employment was done with reckless indifference towards, or with maliciousness in relation to, her federally-protected rights; and such other relief as the Court deems proper.

                                              Respectfully Submitted,

Dated: February 7, 2005        Rider, Weiner & Frankel, P.C.
       New Windsor, NY           Attorneys for Defendant
                                      655 Little Britain Road
                                      New Windsor, NY 12553
                                      (845) 562-9100

                                      By: _____
                                          Jeffrey S.E. Sculley
                                            (JS7658)

TO:    Stephen Bergstein, Esq. (SB6810)
         Thornton, Bergstein & Ullrich, LLP
         15 Railroad Avenue
         Chester, NY 10918
         (845)469-1277

F:\wp51\JSS\813.37_FHC adv Michetti\Post-trial mtn\affidavit in support of MTN.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────X
CHRISTINE MICHETTI,

              Plaintiff,

V.

FAMILY HEALTH CENTER OF NEWBURGH,
INC., n/k/a THE GREATER HUDSON VALLEY
FAMILY HEALTH CENTER, INC.,

              Defendant.
────────────────────────────────X

ATTORNEY AFFIDAVIT IN SUPPORT OF MOTION RENEWING MOTION FOR JUDGMENT AFTER TRIAL PURSUANT TO RULE 50(b)

05 Civ 3148
(CM)(LMS)

STATE OF NEW YORK   )
                             )SS.:
COUNTY OF ORANGE  )

Jeffrey S.E. Sculley, being duly sworn, deposes and says:

1. I am associated with the firm of Rider, Weiner & Frankel, P.C., attorneys for defendant Family Health Center of Newburgh, Inc., n/k/a the Greater Hudson Valley Family Health Center, Inc. ("FHC"). I am fully familiar with the facts to which I attest in this affidavit.

2. FHC submits this motion pursuant to Federal Rule of Civil Procedure 50(b) and requests that plaintiff Christine Michetti's claim for punitive damages be dismissed or the award of such damages be set aside as no evidence was presented to the jury that FHC's termination of Mrs. Michetti's employment was done with reckless indifference towards, or with maliciousness in relation to, her federally-protected rights.

3.The trial in this matter began on January 17, 2006. Plaintiff presented evidence that defendant did not follow its human resources procedures in counseling, advising and terminating plaintiff. However, no evidence was offered that any officer or employee of FHC, including Mrs. Michetti's immediate supervisor, Marci Dendy, or FHC's head of Human Resources, Darren Salisbury, harbored ill will or spite towards Mrs. Michetti. Neither was evidence put before the jury that defendant callously disregarded plaintiff's rights.

4.After the close of evidence, before the case was submitted to the jury, defense counsel moved for the dismissal of plaintiff's claim for punitive damages as there had been no evidence presented upon which a reasonable jury could find by a preponderance of the evidence that FHC "intentionally engaged in discriminatory actions with malice or reckless indifference to the rights of the disabled". (See, Final Jury Instructions, at 33). The Court reserved its ruling on FHC's motion and permitted the question of punitive damages to go to the jury.

5.The Court instructed the jury that "[a]n act is committed with malice if it is prompted by ill will or spite toward the Plaintiff, and an act is committed with reckless indifference if done with callous disregard of the rights of the Plaintiff". (Id.).

6.On January 19, 2006, the jury determined that plaintiff Christine Michetti's disability, i.e., epilepsy or seizure disorder, was the sole reason for the termination of her employment and returned a verdict in her favor, awarding her $3,272.50 in back pay and $30,000.00 in damages for emotional distress. The parties stipulated to, and the Court awarded, $45,000.00 in attorney fees for a total judgment of $78,272.50.

RIDER, WEINER & FRANKEL, P.C.
P. O. BOX 2280   •   NEWBURGH, N. Y. 12550   •   (845) 562-9100

7.      Despite the total lack of evidence of ill will, spite or callous disregard, the jury also found that plaintiff was entitled to an award of punitive damages as FHC's termination of her employment was done maliciously or with reckless disregard to her federally-protected rights. The parties stipulated to permit the Court to determine the amount of punitive damages, following discovery and an evidentiary hearing regarding FHC's financial circumstances.

8.      The judgment was signed on February 2, 2006 and entered on February 3, 2006.

9.      Accordingly, defendant FHC respectfully requests an order either setting aside any award of punitive damages or dismissing the claim for such damages and such other relief as the Court deems proper.

_____
Jeffrey S.E. Sculley
(JS7658)

Sworn to before me this
___ day of February, 2006.

_____
Notary Public

CHERYL R. CHURNEY
Notary Public, State of New York
Qualified in Orange County
Registration #01CH4960202
Commission Expires December 18, ____

3

STATE OF NEW YORK      )
                       )    SS.:
COUNTY OF ORANGE       )

Cheryl R. Churney, being duly sworn, deposes and says:

I am not a party to the action, am over 18 years of age and reside at Newburgh, New York.

On February 7th, 2006, I served the within Notice of Motion to Renew Motion for Judgment After Trial Pursuant to Rule 50(b) via first class mail, by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service addressed to each of the following persons at the last known address set forth after each name:

Stephen Bergstein, Esq.
Thornton, Bergstein & Ullrich
Attorneys for Plaintiff
15 Railroad Avenue
Chester, NY 10918

_____
Cheryl R. Churney

Sworn to before me this
7 day of February, 2006.

_____
Notary Public

KRISTEN CAMPBELL
Notary Public, State of New York
No. 4764031
Qualified in Orange County
My Commission Expires 7/31/06